# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00305-KJD-VCF |
| Plaintiff, | |
| v. | |
| KAREEN ANDERSON, | **ORDER** |
| Defendant. | |

Presently before the Court is pro se Defendant Kareen Anderson's filing, styled as a supporting affidavit for motion to reconsider reopening detention hearing (ECF No. 63), filed on March 27, 2017. The government has not filed a response.

Defendant previously filed a motion to reopen detention hearing (ECF No. 57), which was denied without prejudice because it was filed pro se while Defendant was still represented by counsel. Since that order, Defendant has chosen to represent himself, and now files this request for the Court to reconsider its decision. Construing Defendant's motion liberally, the Court will review all arguments made in both the original motion and the motion to reconsider, and treat the instant motion as a motion to reopen detention hearing.

Under 18 U.S.C. § 3142(e), upon a finding that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of an accused person at trial, the Court shall order the detention of that person. *See United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008). On November 3, 2016, this Court ordered Defendant detained pending trial (ECF No. 21), based on its finding that no condition or combination of conditions could reasonably assure the safety of the community or his appearance at trial were he to be released. The Court here relies on its previous findings, and absent a showing of some material change in Defendant's circumstances, will not alter that ruling.

In his filing with the Court, Defendant suggests several reasons for the Court to reconsider its

decision. First, Defendant represents that he has an offer of employment that he would accept upon his release, and a residence in which to live. The Court had previously considered Defendant's lack of stable employment and residence as factors contributing to its finding that detention was necessary. Further, Defendant provides a list of references and various forms of identification to show that he is not a threat to the community or a flight risk. The Court has previously considered Defendant's lack of significant community ties as a factor contributing to its finding that detention was necessary.

However, Defendant's proffered evidence does not substantially affect the Court's calculus in this matter. Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed and he therefore faces a rebuttable presumption that detention is necessary under 18 U.S.C. § 3142(e)(2). The Court previously found that, upon consideration of the presumption of detention and the other aspects of Defendant's case, detention was necessary. The other aspects considered were Defendant's prior criminal history, history of alcohol or substance abuse, lack of stable employment, lack of stable residence, lack of financially responsible sureties, lack of significant community or family ties to this district, prior failure to appear in court as ordered, use of aliases or false documents, and his background information being unknown or unverified.

Although Defendant's assertions of employment, availability of a place to live, and records of ties to the community do support Defendant's position, they do not outweigh the other factors the Court considered when making its original decision. The Court finds that there is no material change in circumstances, and will not alter its previous finding that detention is necessary to ensure both the safety of the community and Defendant's appearance at trial.

IT IS THEREFORE ORDERED that Defendant's motion to reconsider (ECF No. 63) is DENIED.

DATED: April 4, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge