# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAREEN ANDERSON,<br><br>Defendant. | Case No. 2:16-CR-00305-KJD-VCF<br><br>**ORDER** |

Before the Court for consideration is Defendant's Motion for Amendment of Detention (#70). The Government filed a response in opposition (#74) to which Defendant replied (#81).

The Court construes Defendant's motion liberally and considers it to be a motion for this Court to review Magistrate Judge C.W. Hoffman's Order of Detention (#21). Defendant previously filed a motion to reopen detention hearing (#57), which the Magistrate denied without prejudice because it was filed pro se while Defendant was still represented by counsel. Since that order, Defendant has chosen to represent himself, and filed another request for the Magistrate to reconsider its decision, which was also denied. See (#65).

Under 18 U.S.C. § 3142(e), upon a finding that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of an accused person at trial, the court shall order the detention of that person. See United States v. Hir, 517 F.3d 1081 (9th Cir. 2008). On November 3, 2016, the Magistrate ordered Defendant detained pending trial (#21), based on its finding that no condition or combination of conditions could reasonably assure the safety of the community or his appearance at trial if he were to be released.

The Government contends that Defendant's appeal of the Magistrate's order of detention should be denied because he presents both a risk of flight and danger to the community. There is a

presumption of detention in this case subject to rebuttal by the Defendant. As the Magistrate indicated in its November 3, 2016 order, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the Defendant at trial and the safety of the community because he is charged with a drug offense for which the maximum term of imprisonment is 10 years or more. 18 U.S.C. § 3142(e)(3)(A). Here, the Defendant is charged with Conspiracy to Distribute a Controlled Substance – Methamphetamine in violation of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(A)(viii) and related offenses. There is a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life. Defendant has failed to rebut the presumption of detention and due to the nature of the offense, pursuant to 18 U.S.C. § 3142(e)(3)(A), Defendant presents a risk of flight and danger to the community.

Additionally, a judicial officer should take into account the history and characteristics of the defendant, and the seriousness of danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3141(g). Here, the evidence against Defendant is significant. Defendant is a self-admitted gang member (Crip). Further, despite his contentions that his daughter is in foster care, according to the Government, Defendant has never interviewed with Pretrial Services so there is no information regarding family ties to Las Vegas or any other community, marital status, or children. There is no information concerning the length of time he has lived in Las Vegas, his travel habits or whether he has a passport. There is no information concerning his employment history, physical or mental health. There is also no third party information.

Defendant has two prior felony convictions in 1996 and 1997, and was sentenced to state prison on both cases. See (#74). The first conviction involved shooting at an inhabited dwelling and the second conviction was for being a felon in possession of a firearm. Id. Defendant also has four (4) misdemeanor convictions, and five (5) failures to appear. Id. On November 3, 2003, a warrant was issued from Long Beach Superior Court for a failure to appear on a citation. Id. According to the Government that warrant is currently active. Id. On April 16, 2013, a felony warrant was issued from Long Beach Superior Court for Commercialized Sex. Id. That felony warrant also remains active, is

fully extraditable, and bail has been set at $75,000. Id. Finally, Defendant has used aliases, a false date of birth, and a false social security number. Id. Thus, Defendant's criminal history shows that he is a flight risk, unwilling to following any conditions of supervision that would assure his appearance in Court, and presents a danger to the community.

Accordingly, **IT IS THEREFORE ORDERED** that Defendant's Motion for Amendment of Detention (#70) is **DENIED**.

DATED this 2nd day of May 2017.

_____
Kent J. Dawson
United States District Judge