# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREEN ANDERSON,

    Defendant.

Case No. 2:16-CR-00305-KJD-VCF

**ORDER**

    Before the Court for consideration are Defendant's Motion to Exclude Evidence (#77); Motion to Dismiss Counts 1 and 6 (#78); Motion for Order to Show Cause for Warrantless Arrest (#79); and Request for Grand Jury Transcripts (#80). The Government filed a response in opposition (#83) to which Defendant did not reply.

    Count One of the Indictment charges that from a time unknown to the grand jury, to on or about November 1, 2016, Defendant and co-Defendants Londa Lynette Gates, and Melanie Lowe, and others known and unknown to the grand jury, did knowingly and intentionally conspire to distribute 50 grams or more of actual methamphetamine in violation of 21 U.SC. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Defendant alleges that Counts One and Six should be dismissed based on a Fifth Amendment violation. Specifically, Counts One and Six violate Double Jeopardy (#77).

    Count Six of the Indictment charges that on or about October 11, 2016, Defendant, Londa Lynette Gates, and Melanie Lowe knowingly distributed 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii). Defendant alleges that this count should be dismissed based on an Eighth Amendment violation of cruel and unusual punishment and a violation of Fed. R. Evid. 901. Id.

Having read and considered the present Motions and response, the Court finds no support for dismissal of Counts One and Six of the Indictment. Defendant fails to cite any points and authorities in support of the remedies sought. According to LCR 47-9 "[t]he failure of the moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Further, Defendant has failed to provide any legal basis to support these Motions. Nonetheless, this Court will address the merits of Defendant's Motions.

**Motion to Exclude Evidence**

Defendant's Motion is silent regarding what evidence should be excluded, therefore, this Court is unable to address this argument. Accordingly, the Court **denies** Defendant's Motion to Exclude Evidence (#77).

**Double Jeopardy Violation**

Double Jeopardy protects individuals 1) from a second prosecution for the same offense after conviction; 2) from a second prosecution for the same offense after acquittal; and 3) from multiple punishments for the same offense. Jones v. Thomas, 491 U.S. 376, 380-81 (1989). Defendant's Motion alleges that Counts 1 and 6 provide for multiple punishments for the same offense. (#78)

In Blockburger v. United States, 284 U.S. 299, 304 (1932), the Supreme Court articulated a "same elements" test for determining whether double jeopardy has occurred on multiple prosecutions. The analysis turns on whether each offense contains an element not found in the other. If so, the offenses are not the same and a double jeopardy violation has not occurred. Commission of a crime and conspiracy to commit that same crime are not the same offense and thus defendants can be prosecuted and convicted of both the conspiracy and underlying substantive offense. See United States v. Felix, 530 U.S. 378, 389 (1992). Accordingly, the Court **denies** Defendant's Motion to Dismiss based on Double Jeopardy (#78).

**Cruel and Unusual Punishment**

Defendant's Motion fails to show an Eighth Amendment violation and is therefore **denied**.

///

**Warrantless Arrest**

On November 1, 2016, a federal grand jury in Las Vegas, NV returned a 6-count indictment charging Defendant and co-Defendants, Melanie Lowe, and Londa Lynette Gates with Conspiracy to Distribute a Controlled Substance - Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and related offenses and issued an arrest warrant. (#1). According to the Government, by 10:45 a.m. that same day, Defendant had been arrested by FBI Special Agent Weesayma Kennedy at 3675 Cambridge Street, Las Vegas, Nevada. (#83). Special Agent Kennedy told Defendant about the charges contained in the indictment. Id. Defendant was transported to the FBI office where he was interviewed by FBI Special Agents Ryan Burke and Jonathan Rowe. Id. Special Agent Burke also advised Defendant that he had been indicted for Conspiracy to Distribute methamphetamine and that there was an outstanding warrant for his arrest. Id. Neither Special Agent Kennedy nor Special Agent Burke showed Defendant a copy of the arrest warrant because neither agent had a copy. Id. According to the Government, a paper copy of the warrant had not yet issued since Defendant was arrested relatively early in the day and very soon after being indicted. Id. Defendant declined to speak with agents and was immediately transported to the Henderson jail.

Fed. R. Crim. P. 4 states that "if the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the defendant the original or duplicate original to the defendant as soon as possible." Both Special Agents Kennedy and Burke complied with Rule 4 when they informed Defendant of the reason he had been arrested and that there was an outstanding warrant for his arrest. Thus Defendant's request for "order to show cause for a warrantless arrest in violations of F.R.C.P. Rule 4" is **denied**.

**Grand Jury Transcripts**

The general rule of secrecy of grand jury proceedings is essential to the purpose of the grand jury process. United States v. Proctor and Gamble Co., 356 U.S. 677, 681 (1958). The exceptions to the general rule are few, as evidenced by Fed.R.Crim.P 6(e)(3). Under Rule 6(e)(3)(E),

"[t]he court may authorize disclosure ... of a grand jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). Here, Defendant has failed to show that a ground may exist to dismiss the Indictment due to a matter that occurred before the grand jury.

Additionally, the Government states that it will provide grand jury transcripts in compliance with the Jencks Act, 18 U.S.C. §3500 and the local rules of this district. Specifically, at the appropriate time, the Government states that it will "provide transcripts of grand jury testimony given by a witness called by the government at trial when the grand jury testimony relates to matters explored on direct examination of the witness." Therefore, this Court **denies** Defendant's request for grand jury transcripts.

///

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Evidence (#77); Motion to Dismiss Counts 1 and 6 (#78); Motion for Order to Show Cause for Warrantless Arrest (#79); and Request for Grand Jury Transcripts (#80) are **DENIED**.

DATED this 12th day of May 2017.

Kent J. Dawson
United States District Judge

4