**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAREEN ANDERSON,<br><br>Defendant. | Case No. 2:16-cr-00305-KJD-VCF-1<br><br>**ORDER DENYING MOTIONS FOR SANCTIONS FOR VIOLATION OF DISCOVERY ORDER (ECF No. 96) AND TO EXCLUDE RELEVANT EVIDENCE (ECF No. 97)** |

This case involves the Government's prosecution of Defendant Kareen Anderson for allegedly distributing a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(viii), aiding and abetting in the distribution of a Schedule II controlled substance in violation of 18 U.S.C. § 2, and conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). Before the Court are Defendant Kareen Anderson's Order for Sanctions for Violation of Discovery Order (ECF No. 96) and Motion to Exclude Relevant Evidence (ECF No. 97). The Government filed Responses to both of those motions. *See* ECF Nos. 103, 104. Anderson did not file any Replies. For the reasons stated below, Anderson's motions are denied.

**I. Background**

In November 2016, a federal grand jury indicted Anderson and others on 6 counts, including Conspiracy to Distribute Methamphetamine ("Meth") and Distribution of Meth in violation of federal law. *See* ECF No. 1. The Government alleges that Anderson and his co-defendants distributed—and conspired to distribute—Meth throughout Las Vegas, including to confidential sources working with the Federal Bureau of Investigation. The Government's case is based, in part, on evidence obtained from wiretapping Anderson's cellular phone. Anderson was arraigned on the indictment and pleaded not guilty. A detention

hearing was held, at which the Honorable Carl W. Hoffman ordered that Anderson be detained pending trial. *See* ECF No. 21.

## II. Discussion

### A. Order for Sanctions for Violation of Discovery Order

Anderson's Order for Sanctions for Violation of Discovery Order asks the Court to apply Fed. R. Crim. P. 16(d)(2)(c) to prohibit the Government from using any surveillance, interviews, or statements that the Government intends to use as evidence at trial because the Government has not fully disclosed the discovery material. *See* ECF No. 96 at 2. The Government responds that it has complied with its discovery obligations by providing "[a]ll discovery including Title III and controlled buy recordings as well as paper discovery" to Anderson's standby counsel Gabriel Grasso. *See* ECF No. 104 at 2.

The Federal Rules of Criminal Procedure were designed to guarantee a fair trial to both parties. Fed. R. Crim. P. 16(d)(2) provides, in part, that if a party fails to comply with the rule, the court may prohibit the party from introducing the undisclosed evidence or enter any other order that is just under the circumstances. As a general rule, however, exclusion is appropriate for a discovery rule violation only where "the omission was willful and motivated by a desire to obtain a tactical advantage." *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)); *see also United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (holding district court erred in excluding testimony of forensic pathologist because no willful or blatant discovery violation occurred).

Anderson's motion argues that the Government has failed to disclose certain discovery material. In particular, Anderson asserts that, of the discovery issued, "[t]here is no video made ready to be viewed." ECF No. 96 at 2. That is, there is "no viewable surveillance of the defendant that the agents speaks of, controlled buys, interviews of codefendants or witness or anythi[n]g that has to do with pictures or video serveilence." *Id*. According to Anderson, attorney Grasso "confirmed that the way [Anderson] got the

2

discovery is the way [Grasso] sent it and that [Grasso] did nothing to change or modify it's contents and that [Grasso] could not view the video files as well." ECF No. 96 at 3. The Government, to the contrary, argues that it provided all discovery in the matter to attorney Grasso, including Title III and controlled buy recordings.

At the May 10, 2017 status conference before this Court, the Government represented that it provided all discovery, including all Brady material, in the matter to attorney Grasso in April. *See* ECF No. 89. Attorney Grasso acknowledged receipt of all the discovery files from the Government. *Id*. Attorney Grasso represented that he would provide Anderson with all the discovery files. *Id*. Attorney Grasso, however, still needed to download the information onto a flash drive and deliver the content to Anderson (as well as review the discovery files and send paper copies of documents that attorney Grasso found relevant and important to Anderson's case).[1] *Id*. The Court noted that the Government appeared to do everything it was supposed to do in providing discovery to attorney Grasso; no objections were made concerning incomplete or deficient discovery files.

Having read and considered the present motion and response, the Court finds that Anderson has not articulated a reasonable basis for the relief sought. Excluding "all evidence of any type of surveillance and recorded statements" is not appropriate. Anderson's motion acknowledges that he has received the discovery files at issue, but complains that some video files are "not fully viewable" on his computer at the Nevada Southern Detention Center ("NSDC"). To be sure, Anderson also points out that attorney Grasso "could not view the video files as well." The Court is conscious of Anderson's *pro se* status and detention, and the frustrations and difficulties that go along with. But the Court has no basis to conclude

---

[1] Attorney Grasso stated at the May 10, 2017 hearing that he previously downloaded the discovery files onto a flash drive, placed the flash drive in an envelope, and mailed the envelope to Anderson. *See* ECF No. 89. Attorney Grasso stated that Nevada Southern Detention Center employees found the envelope opened and empty—the flash drive had been stolen. *Id*.

3

that the discovery files at issue were not disclosed, let alone issue the requested sanctions under Fed. R. Crim. P. 16(d)(2)(c). If Anderson is having difficulty viewing the videos on the NSDC provided computer, he is not prevented from coordinating with attorney Grasso or the Government to try and promptly resolve the matter. Anderson's motion does not allege that he has made any effort to remedy the purported problem. Assuming, *arguendo*, that the Government did effectively fail to disclose certain video files, the Court is not persuaded that such an "omission was willful and motivated by a desire to obtain a tactical advantage." *Finley*, 301 F.3d at 1018. Anderson's Order for Sanctions for Violation of Discovery Order is denied.

**B. Motion to Exclude Relevant Evidence (Drugs) in Count 6 or Charge all Counts as Mixture and Strike the Word Actual From the Indictment as Actual Outweighs Justice in it**

Count Six of the Indictment charges that on or about October 11, 2016, Anderson and his co-defendants knowingly distributed 50 grams or more of actual Meth in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(viii). *See* ECF No. 1 at 4. Anderson's motion to exclude relevant evidence argues that Count Six or the drugs in Count Six should be dismissed or excluded because the Government has allegedly not provided Anderson with the forensic lab examination report. *See* ECF No. 97 at 2.

At the May 10, 2017 status conference before this Court, the Government represented that it provided the lab report to attorney Grasso, Anderson's stand-by counsel, in April. *See* ECF No. 89. Attorney Grasso confirmed its receipt at the hearing and represented that he would provide it to Anderson. *Id*. Attorney Grasso was in the process of downloading the entire discovery file onto a flash drive, including the lab report, and delivering it to Anderson. *Id*. The Government has attached the lab report to its response to Anderson's motion. *See* ECF No. 103 at 6.[2] Accordingly, Anderson's motion is denied.

---

[2] To the extent Anderson's motion requests the Court charge all six counts as "mixture or substance" and strike the word "actual" from the indictment due to bad faith, it is denied. The Court notes that an indictment for an offense involving a controlled substance is not required to allege, or may be sufficient where it does not allege, the quantity of the substance

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Kareen Anderson's Order for Sanctions for Violation of Discovery Order (ECF No. 96) is DENIED.

IT IS ORDERED that Anderson's Motion to Exclude Relevant Evidence (ECF No. 97) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of June, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

involved, so long as the indictment alleges the quantity necessary to put the defendant on notice of the maximum penalty he is facing. *See United States v. Gori*, 324 F.3d 234, 236-37 (3d Cir. 2003). The prosecutor's burden of proof for a grand jury indictment is probable cause that a crime was committed—a fairly low standard. *See* Fed. R. Crim. P. 6 and 9. To actually convict the defendant, however, requires proof beyond a reasonable doubt. Therefore, whether the charges concern "50 grams or more" of *actual* Meth or a certain quantity of a "mixture or substance" containing a detectable amount of Meth, is beside the point; the Government must prove "50 grams or more" of *actual* Meth beyond a reasonable doubt.