# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

KAREEN ANDERSON,

          Defendant.

Case No. 2:16-cr-00305-KJD-VCF

## ORDER

MOTION TO STRIKE USE OF CRIMINAL HISTORY (ECF NO. 149), MOTION FOR TRANSCRIPT (ECF NO. 154), MOTION TO PRODUCE PROOF OR DISMISS COUNT 4 (ECF NO. 157), MOTION TO SUBMIT OPPOSITION OR GRANT ECF NOS. 149 AND 157 (ECF NOS. 160, 161)

Before the Court are Defendant Kareen Anderson's Motion to Strike the Use of Defendant's Criminal History (ECF No. 149), Motion for Transcript from the Hearing on September 7, 2017 (ECF No. 154), Motion to Produce Proof of or Dismiss Count 4 of the indictment (ECF No. 157), and Motion to Submit Opposition or Grant ECF Nos. 149 and 157 Due to Failure to Comply with LCR 47-1 (ECF Nos. 160, 161). For the reasons stated below, Defendants' motion for transcript is granted and his motions to strike, to produce proof or dismiss Count 4, and to submit opposition or grant ECF Nos. 149 and 157 are denied.

Defendant moves for this Court to "strike the defendant's history from being used at any point in the case, including for rebuttal as it has created a[n] undue and unfair prejudice against the defendant." (ECF No. 149 at 4). In response, the Government asserts it "does not intend to introduce evidence of [Defendant's] criminal history during its case-in-chief, but reserves the right to do so on rebuttal." (ECF No. 155 at 2). The Court notes that Defendant's criminal history may be used at trial (*see* Fed. R. Evid. 404, 609) and during sentencing (*see* U.S.S.G. § 4A1.1) depending on the circumstances. Entering a blanket order governing the use of Defendant's prior criminal history for the rest of the case is at the very

least premature, as the judge presiding over these future proceedings will have to evaluate the relevant considerations at the time the evidence is sought to be introduced. Therefore, Defendant's motion to strike is denied.

Defendant also requests a transcript from the hearing held on September 7, 2017 (ECF No. 148) and a full docket report at the Government's expense. (ECF No. 154 at 2). The Court must provide a transcript to an indigent defendant when the transcript is needed for an effective defense considering "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *United States v. Devlin*, 13 F.3d 1361, 1363 (9th Cir. 1994) (*quoting Britt v. North Carolina*, 404 U.S. 226, 227 (1971). The Government did not file an opposition to this motion. Under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." Therefore, Defendant's motion for transcript is granted.

Defendant also moves for the Government to show proof in support of Count 4 in the indictment against him (distribution of a controlled substance) or for the Court to dismiss Count 4. (ECF No. 157 at 2-3). In response, the Government asserts it has produced all calls and texts associated with Court 4 in discovery. (ECF No. 158 at 2). As the Government has produced the relevant proof, Defendant's motion should be treated as a motion to dismiss. "[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. … A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal citations omitted). Because Defendant is asking the Court to find that Count 4 is not supported by adequate evidence, Defendant's motion to produce proof or dismiss Count 4 is denied.

Finally, Defendant moves for the Court to (1) order the Government to respond to Defendant's motion to strike and motion to produce proof or (2) grant Defendant's motion to strike and motion to produce proof. (ECF No. 160, 161). Defendant asserts that the Government has failed to serve responses to either motion on Defendant. (*Id.* at 1). The Government failed to file a response to ECF Nos. 160 and 161, but the Government did file responses to Defendant's motion to strike and motion to produce proof. (ECF Nos. 155, 158). Both of these responses were served on "counsel for Defendant." (ECF No 155 at 3, ECF No. 158 at 4). Only a few days after the Government filed its responses, the Court held a hearing and granted Defendant's motion to withdraw his standby counsel. (ECF No. 159). New standby counsel has now been appointed, and Defendant's previous standby counsel has been ordered to forward Defendant's file to the current standby counsel. (ECF No. 162). This change in counsel could have delayed service of the Government's responses on the Defendant. However, it is not necessary to allow any further time for Defendant to file a reply regarding his motions to strike and produce proof. As discussed above, the Court is denying those motions based on foundational, legal issues that Defendant would not be able to argue against in his reply.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Defendant's Motion for Transcript from the Hearing on September 7, 2017 (ECF No. 154) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike the Use of Defendant's Criminal History (ECF No. 149), Motion to Produce Proof of or Dismiss Count 4 of the indictment (ECF No. 157), and Motion to Submit Opposition or Grant ECF Nos. 149 and 157 Due to Failure to Comply with LCR 47-1 (ECF Nos. 160, 161) are DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).


IT IS SO ORDERED.

DATED this 24th day of October, 2017.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE