UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-0305-KJD-VCF |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| KAREEN ANDERSON, | |
| Defendant. | |

Before the Court is Kareen Anderson's pro se Motion for a Two-Point Sentencing Reduction (ECF No. 302) to which the United States responded (ECF No. 305). Though the time to do so has passed, Anderson has not replied. Because Anderson is represented by counsel, he may not file documents with the Court on his own. Anderson's fugitive filing violates Local Rule IA 11-6 and must be denied. Anderson's motion would also fail on the merits as it seeks retroactive application of a change to the sentencing guidelines that went into effect before he was sentenced in this case. Because the Court cannot retroactively apply a change to the sentencing guidelines that predates Anderson's sentencing, his motion is denied.

**I.     Background**

On February 5, 2020, the Court sentenced Anderson to 121 months in custody after he pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 841(a)(1, (b)(1)(A)(viii). Judgment 1–2, ECF No. 295. Anderson noticed his appeal shortly thereafter, and his appeal is pending. Not. of App., ECF No. 297. Anderson was represented by counsel throughout the pre-trial and plea-negotiation stages and is still represented on appeal. One week after Anderson's counsel filed his notice of appeal, however, Anderson filed this request for a sentence reduction pro se. ECF No. 305. He argues that he qualifies for a sentencing reduction based on Amendment 782, which reduced the base offense

level for certain drug crimes by two levels. D.'s Mot. 2, ECF No. 302. The United States has responded, and the motion is fully briefed.

## II.     Legal Standard

Generally, the Court will not reduce an already-imposed sentence except in very specific instances. See United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007), abrogated on other grounds by Dillon v. United States, 560 U.S. 817 (2010); see also United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990) ("District courts do not have inherent power to resentence defendants at any time"). There must be some statutory or appellate grant of authority to resentence a defendant. Stump, 914 F.2d at 172. One such exception arises where a defendant's applicable sentencing range is (1) reduced after his sentencing and (2) the reduction aligns with the policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Unless Anderson identifies a valid exception, he is not eligible for a sentence reduction.

## III.    Discussion

Anderson seeks a reduction under 18 U.S.C. § 3582(c)(2). He argues that he qualifies because his applicable sentencing range was lowered after he was sentenced and that such a reduction would comply with the Sentencing Commission's policy statements. Anderson is incorrect. As an initial matter, the Court need not even consider the merits of Anderson's argument given that he filed the motion pro se despite being represented by counsel. The Local Rules expressly forbid such filings. A represented party must file documents through their attorney. LR IA 11-6(a). "This means that *once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court*." Id. (emphasis added). That prohibition under the local rules is reason enough to deny Anderson's motion.

However, even if Anderson properly filed his motion, it would fail on the merits. It is unsurprising that Anderson's counsel did not file this motion. Section 3582(c)(2) is clear that resentencing is reserved for defendants whose guideline ranges were lowered *after* their sentencing. Sentencing Amendment 782, upon which Anderson relies, became effective on November 1, 2014. See Govt. Resp. 3, ECF No. 305 (citing U.S.S.G. Supp. App. C, Amend. 782). Anderson was not sentenced until early 2020, more than five years after Amendment 782.

As a result, Anderson has already received the benefit of the amendment and does not qualify for a sentence reduction.

### IV.   Conclusion

Accordingly, Kareen Anderson's Motion for a Two-Point Reduction (ECF No. 302) is **DENIED**.

Dated this 8th day of May, 2020.

_____
Kent J. Dawson
United States District Judge