UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAREEN ANDERSON,<br><br>Defendant. | Case No. 2:16-cr-00305-KJD-VCF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Sentence Reduction and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.13 (ECF #316). The government responded in opposition (ECF #318) and Defendant replied (ECF #319).

I.   Factual and Procedural Background

In 2016, Defendant Kareen Anderson ("Anderson") was indicted on five counts of Distribution of a Controlled Substance and one count of Conspiracy to Distribute a Controlled Substance. (ECF #1). In February 2018, Anderson entered a plea agreement, pleading guilty to the count of Conspiracy to Distribute a Controlled Substance. (ECF #228). The Court sentenced Anderson to a term of imprisonment of 121 months, followed by a five-year term of supervised release. (ECF #295, at 2–3). Anderson appealed his sentence and filed a motion for a sentence reduction. (ECF #297/302). This Court denied his motion for a reduction and the Ninth Circuit Court of Appeals dismissed his appeal. (ECF #309/312). On October 27, 2021, Anderson filed the instant *pro se* motion for compassionate release. (ECF #316). The Federal Public Defenders filed a notice of non-supplementation thereafter. (ECF #317).

Anderson argues that his circumstances taken as a whole warrant compassionate release. According to his motion, Anderson suffers from Rheumatoid Arthritis, depression, stress, Post Traumatic Stress Disorder ("PTSD"), lack of sleep, and sciatica, while housed in a Bureau of

Prisons ("BOP") facility that took three months to examine his injured finger. (ECF #316, at 2–3). Anderson also alleges that the conditions of his confinement at FMC Forth Worth make it difficult to social distance and that the BOP Covid protocols are good on paper but ineffective in practice. Id. at 3. Anderson has refused vaccination, explaining that his religious beliefs as a Hebrew Jew prevent him from being vaccinated because "the vaccine consist[s] of once living forms that are not mentioned in the Laws of Leviticus 11." Id. at 4. Anderson's request for compassionate release was denied by the warden of his facility on July 7, 2021. Id. at 11. Anderson also argues that his family circumstances should be considered when determining if extraordinary and compelling circumstances exist and that he is no longer a danger to the community. Anderson's daughter is in foster care and Anderson believes he is the only one who can get her out, several of Anderson's family and friends, including four aunts, his biological father, and his brother, have passed away, and Anderson has a release plan including where to live and potential job opportunities. Id. at 7–8.

The government opposes Anderson's release, arguing that Anderson cannot show extraordinary and compelling reasons that warrant release and that the 18 U.S.C. § 3553(a) factors do not favor release. The government focuses much of its response on Anderson's refusal of the vaccine, stating that Anderson cannot decline protection from COVID-19 and then ask the Court to release him because he is at risk. (ECF #318, at 4–9). By granting Anderson's motion, the Court would be encouraging inmates to refuse vaccination and put themselves at greater risk. Id. at 7. It did not address Anderson's argument that his religious beliefs prohibit him from taking the vaccine. The government also highlights the BOP's response to the pandemic, touting it as highly successful as the COVID-19 death rate among BOP facilities is lower than the COVID-19 death rate in the general population. Id. at 10. The government argues that Anderson's family circumstances do not constitute extraordinary and compelling reasons for release because a child who could benefit from the assistance of an incarcerated parent does not meet the threshold. Id.

II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify

the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement. Id.

### III.   Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). As a primary issue, it is undisputed that Anderson exhausted his administrative remedies. Anderson included the warden's denial of his compassionate release request with his motion. (ECF #316, at 11). However, having construed the motion liberally, and agreeing with the warden's reasons for denying release, the Court finds that Anderson has not met his burden of establishing that extraordinary and compelling reasons exist to warrant his release.

Anderson argues that his multiple health issues place him at extra risk of serious injury

from COVID-19. He alleges he suffers from Rheumatoid Arthritis, depression, stress, PTSD, a sleep disorder, and sciatica. However, there is no official diagnosis of depression, stress, or PTSD in the medical records Anderson submitted. His self-diagnosis does not constitute extraordinary or compelling circumstances. Additionally, the Centers for Disease Control and Prevention ("CDC") does not list lack of sleep or sciatica as conditions that would put Anderson at elevated risk of COVID-19.

As for Rheumatoid Arthritis, Anderson cites a Ninth Circuit opinion to show that it was a "driving factor" in the granting of a compassionate release motion. In United States v. Foster, the court granted compassionate release to an inmate who had served one year of a three-year sentence. 492 F.Supp.3d 1117 (9th Cir. 2020). The inmate was not officially diagnosed with Rheumatoid Arthritis and her potential condition was a factor in the court's decision, but it was not a driving factor. The court found that the "combination of Defendant's risk factors of smoking, methamphetamine use, and asthma, the active COVID-19 infections at [her BOP facility], BOP's failure to administer a COVID-19 test when Defendant reported symptoms commonly associated with COVID-19, and Defendant's need for further evaluation of her reported pulmonary, autoimmune, and cardiac symptoms" warranted compassionate release. Id. at 1121. The potential Rheumatoid Arthritis was but one small factor in the combination of factors that led to the court's decision, which appears to rely more on the BOP's response and failure to test for COVID-19 and Foster's known medical issues that put her at risk, i.e., smoking, methamphetamine use, and asthma. Also, this case was decided before vaccines were available. Foster could not do anything to mitigate the risk, but now, with the existence of vaccines, there is a step inmates can take to mitigate their risk of serious injury from COVID-19. Anderson is choosing not to take that step, and he is free to make that decision. However, refusing vaccination because of religious belief does not weigh in favor of compassionate release. See United States v. Weldon, No. 2:18-cr-112-DBH-03, 2021 WL 5041219, at *2 (D. Maine Oct. 29, 2021) (holding that an inmate with a religious objection to vaccination "may be entitled to decline the vaccine, but his refusal does not give him an advantage in seeking early compassionate release."). Regardless, Anderson's Rheumatoid Arthritis and self-diagnosed

medical issues do not constitute extraordinary and compelling reasons for release.

Additionally, Anderson is currently serving his sentence at FMC Fort Worth, where nearly 90% of the inmates have been vaccinated. COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2021) (stating that 1,194 full inmate inoculations have been completed); FMC Fort Worth, https://www.bop.gov/locations/institutions/ftw/ (last visited Dec. 15, 2021) (noting that FMC Fort Worth currently holds 1,342 total inmates). The facility has implemented modifications to prevent the spread of COVID-19 and, as of the date of this writing, has only two positive COVID-19 tests, one inmate and one staff member. COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Dec. 15, 2021). With the measures being taken by FMC Fort Worth, the high rate of vaccination in the facility, and the low positivity rate for COVID-19 tests, Anderson, who does not appear to be at high risk of serious injury from COVID-19, cannot show that extraordinary and compelling reasons exist to justify his release, even when viewed in the aggregate with Anderson's difficult family circumstances, some of which the Court was aware of when it issued Anderson's sentence. As such, Anderson's motion is denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF #316) is **DENIED**.

Dated this 16th day of December, 2021.

                                                Kent J. Dawson
                                                United States District Judge